NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| C.G.,<br><br>            *Plaintiff,*<br>v.<br><br>**COMMISSIONER OF SOCIAL SECURITY,**<br><br>            *Defendant.* | Civil Action No. 24-9783<br><br>OPINION |

ARLEO, UNITED STATES DISTRICT JUDGE

THIS MATTER comes before the Court on Plaintiff C.G.'s ("Plaintiff") request for review, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) of Administrative Law Judge Marguerite Toland's ("ALJ") decision regarding Plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") Benefits.  For the reasons set forth in this Opinion, the Commissioner of Social Security's (the "Commissioner") decision is **VACATED** and **REMANDED** for further proceedings.

I.    STANDARD OF REVIEW AND APPLICABLE LAW

   A.  Standard of Review

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g).  The Commissioner's application of legal precepts is subject to plenary review, but factual findings must be affirmed if they are supported by substantial evidence.  See Markle v. Barnhart, 324 F.3d 182, 187 (3d Cir. 2003).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate."  Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)

1

(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). This means "more than a mere scintilla, [but] it need not rise to the level of a preponderance." McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004).

"[T]he substantial evidence standard is a deferential standard of review." Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004). Accordingly, the standard places a significant limit on the district court's scope of review: it prohibits the reviewing court from "weigh[ing] the evidence or substitut[ing] its conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992). Therefore, even if this Court would have decided the matter differently, it is bound by the ALJ's findings of fact so long as they are supported by substantial evidence. See Hagans v. Comm'r of Soc. Sec., 694 F.3d 287, 292 (3d Cir. 2012) (citing Fargnoli v. Massanari, 247 F.3d 34, 35 (3d Cir. 2001)).

In determining whether there is substantial evidence to support the Commissioner's decision, the Court must consider: "(1) the objective medical facts; (2) the diagnoses of expert opinions of treating and examining physicians on subsidiary questions of fact; (3) subjective evidence of pain testified to by the claimant and corroborated by family and neighbors; and (4) the claimant's educational background, work history, and present age." Holley v. Colvin, 975 F. Supp. 2d 467, 475 (D.N.J. 2013), aff'd 590 F. App'x 167 (3d Cir. 2014).

### B. The Five-Step Disability Test

Under the Social Security Act ("the Act"), disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1)(A). To determine whether a claimant is disabled under the Act, the Commissioner applies a five-step test. 20 C.F.R.

2

§ 416.920. First, the Commissioner must determine whether the claimant is currently engaging in "substantial gainful activity." Id. "Substantial gainful activity" is work activity that is both substantial and gainful. 20 C.F.R. § 416.972. "Substantial work activity is work activity that involves doing significant physical or mental activities" while "[g]ainful work activity is activity that you do for pay or profit." Id. If the claimant is engaged in substantial gainful activity, then he or she is not disabled and the inquiry ends. Jones, 364 F.3d at 503. Alternatively, if the Commissioner determines that the claimant is not engaged in substantial gainful activity, then the analysis proceeds to the second step: whether the claimed impairment or combination of impairments is "severe." 20 C.F.R. § 416.905(a). The regulations provide that a severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). If the claimed impairment or combination of impairments is not severe, the inquiry ends and benefits must be denied. See id.

At the third step, the Commissioner must determine whether there is sufficient evidence to demonstrate that the claimant suffers from a listed impairment. 20 C.F.R. § 416.920(d). If so, a disability is conclusively established and the claimant is entitled to benefits. Jones, 364 F.3d at 503. If not, at step four, the Commissioner must decide if the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. §416.920(e). If so, then the claim for benefits must be denied. 20 C.F.R. § 416.960(b)(3).

At the fifth step, if the claimant is unable to engage in past relevant work, the Commissioner must ask whether "work exists in significant numbers in the national economy that [the claimant] can do given [his] residual functional capacity and vocational factors." 20 C.F.R. § 416.960(c)(2). The claimant bears the burden of establishing steps one through four. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The burden of proof shifts to the Commissioner at step five. Id.

3

## II.   BACKGROUND

### A.  Procedural History

On November 22, 2021, Plaintiff applied for DIB and SSI, alleging an onset date of October 15, 2020.  Administrative Transcript ("Tr."), ECF No. 5, at 298, 307.  The claim was denied on July 19, 2022; it was denied again upon reconsideration on September 30, 2022.  Id. at 305, 314, 326, 335.

On April 13, 2023, the ALJ held a hearing, during which Plaintiff and a vocational expert ("VE") testified.  Id. at 270–97.  Plaintiff was represented by counsel at the hearing.  See id. at 272.  On January 3, 2024, the ALJ issued a decision concluding that Claimant is not disabled within the meaning of the Act.  See id. at 249–68.  On August 22, 2024, the Appeals Council denied Plaintiff's request for review of the ALJ's decision.  See id. at 1–4.  Plaintiff now appeals that decision.

### B.  General Background

Plaintiff was forty-nine years old at the time of the administrative decision.  Id. at 274.  He earned the General Educational Development (GED) diploma.  Id. at 276.  His past relevant work was driving a tractor trailer and tank truck.  Id. at 293.  He had a Class A certification, which allowed him to drive tanker trucks and those containing hazardous materials.  Id. at 276.  As part of that job, he needed to lift hoses full of oil that weighed between around 100 and 300 pounds.  Id. at 276.  He began experiencing back pain and eventually underwent fusion surgery in March 2021 after more conservative treatment options failed.  Id. at 278, 1030.  Plaintiff had a revision surgery in November 2022 after a hole developed at the surgery site, causing him "living hell."  Id. at 256, 279.  He testified that he lies down for most of the day because his back pain prevents

4

him from sitting for more than half an hour, standing for more than a few minutes, or walking for more than twenty minutes.  Id. at 281–83, 287–88.

Plaintiff's alleges disability due to back fusions, compressed disc, pinched nerves, interstitial cystitis, anxiety, and depression.  Id. at 490.  He also has a bladder condition.  Id. at 284.

### C. ALJ Decision

The ALJ concluded Plaintiff was not disabled at step five of the five-step disability analysis. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity during the relevant time period.  Id. at 252.  At step two, the ALJ found that Plaintiff had the following severe impairments:  lumbar spine degenerative disc disease, status post-interbody fusion from L4-S1, status post-revision surgery; sciatica; mild scoliosis; chronic prostatitis; obesity; and depressive disorder, anxiety disorder, and panic disorder without agoraphobia.  See id.  At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met the severity of a listed impairment.  See id.

At step four, the ALJ found that Plaintiff had "the residual functional capacity to perform light work 20 CFR 404.1567(b) and 416.967(b) except . . . he would need a sit/ stand option."  Id. at 255.  The ALJ concluded that "[h]e can stand/ walk for a total of up to [six] hours in an [eight]-hour workday, but no more than 1 hour at a time.  He would then need to sit or shift positions for up to [five] minutes every hour while remaining on task."  Id.  In reaching this RFC determination, the ALJ evaluated the relevant medical evidence and considered Plaintiff's subjective testimony of his pain and symptoms.  See id. at. 255–61.[1]  The ALJ found Plaintiff unable to perform past relevant work.  See id. at 261.

---

[1]  The Commissioner has summarized the medical evidence in his brief.  See ECF No. 13 at 5–7.

At step five, the ALJ found, based on the testimony of the VE, that jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as office helper, photocopy machine operator, and merchandise marker.  See id. at 261–62.  The ALJ thus concluded that Plaintiff was not disabled within the meaning of the Act.  See id. at 262.

### III.   ANALYSIS

First, Plaintiff argues that the ALJ's unexplained addition of limitations to the RFC determination warrants a reversal and remand.  Second, he argues the ALJ violated 20 C.F.R. § 404.1520c by not thoroughly discussing the medical opinions.  The Court agrees that the ALJ's failure to explain the limitations to the RFC determination warrants reversal and remand, but the Court believes that the ALJ sufficiently discussed the medical opinions.

### A.  RFC Determination

The RFC determination evaluates the most a plaintiff can do despite his limitations.  20 C.F.R. § 416.945(a).  "Although the evidentiary threshold for substantial evidence 'is not high,' RFC determinations—including for findings regarding off-task time—must still be supported by substantial evidence in the record."  Amber W. v. Comm'r of Soc. Sec., No. 25-10250, 2026 WL 822461, *8 (D.N.J. Mar. 25, 2026) (quoting Biestek v. Berryhill, 587 U.S. 97, 103 (2019)).  An ALJ's explanation must be sufficiently detailed to permit "meaningful judicial review" of his conclusion.  Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 119 (3d Cir. 2000).  Plaintiff bears the burden of proving that an error harmed him.  Shinseki v. Sanders, 556 U.S. 396, 409 (2009).  Plaintiff has the burden to demonstrate how any alleged error "could have affected the

outcome of his disability claim." See Holloman v. Comm'r Soc. Sec., 639 F. App'x 810, 814 (3d Cir. 2016).

Here, Plaintiff asserts that the ALJ did not appropriately explain Plaintiff's off-task time limitations. ECF No. 8 at 7–8; ECF No. 14 at1–2. The Court agrees. "The ALJ must demonstrate why she chose a specific percentage of off-task time 'rather than some other duration and frequency,' particularly when 'there is evidence in the record to the contrary.'" Amber W., 2026 WL 822461, at *8 (citing Cosnyka v. Colvin, 576 F. App'x 43, 46 (2d Cir. 2014)). Failure to explain her reasoning "makes it impossible for the reviewing Court to determine if the ALJ's off-task assessment is supported by substantial evidence without knowing the basis for the figure." Amber W., 2026 WL 822461, at *8 (internal quotation marks and citation omitted). The ALJ concluded that Plaintiff can stand/walk for a total of up to six hours in a workday as long as he could "sit or shift positions for up to [five] minutes every hour while remaining on task." Tr. at 255.

The record evidence about Plaintiff's physical condition is mixed. The state agency medical consultants, Dr. Mohamed Abbassi and Dr. James Orsini, both opined that Plaintiff could stand, walk, and sit with normal breaks for six hours in an eight-hour workday. See id. at 302, 322. Plaintiff testified that he could not sit for more than 30 minutes at a time and that after sitting for 45 minutes in a car, his back was "throbbing" and he needed to lay down and take medication. Id. at 281–82. He also testified that he could not stand in place, but that he could take a 20-minute walk when his back is not hurting too badly. See id. at 282. Plaintiff testified that he doesn't "even bother sitting much anymore" and prefers to "just lay on [his] left side." Id. at 281. The ALJ notes that the Plaintiff's statements "are inconsistent because his testimony, as well as reports throughout the evidence of record, indicate a higher level of functioning than alleged." Id. at 256.

7

But the ALJ does not discuss how the varied testimony and evidence regarding Plaintiff's symptoms factored into her decision about how much off-task time he would need.

Whether this was harmless error depends on the testimony of the VE. "Where evidence in the record—particularly from a VE—suggests that a higher percentage of off-task time would preclude a plaintiff from acquiring employment, an ALJ's insufficient analysis of off-task time constitutes harmful error requiring remand." Amber W., 2026 WL 822461, at *8. During the hearing, the ALJ asked the VE about an employer's tolerance for being off-task at the job. The VE responded "[n]o more than 10% of the workday, which is no more than six minutes on the hour." Tr. at 295. The ALJ asked the VE to confirm that "if this individual needed to lie down . . . or needed to take breaks that would amount to 15% of the workday in addition to normal breaks, they could not perform any of these jobs." Id. at 295. The VE agreed. See id. The ALJ then asked whether there would "be any job that they could perform at 15% off-task" and the VE responded that there would not be. Id. As such, here, the VE's testimony suggested that a higher percentage of off-task time would preclude Plaintiff from acquiring employment.

The ALJ is entitled to broad deference in her decision to credit the medical opinions and Plaintiff's testimony. Izzo v. Comm'r of Soc. Sec., 186 Fed. Appx. 280, 287 (3d Cir. 2006). But her failure to explain the basis for her determination of the amount of off-task time with evidence from the record compels the Court to remand for further development of the record and additional analysis. See Lanigan v. Berryhill, 865 F.3d 558, 563 (remanding for the ALJ to "establish a logical connection between the evidence and his conclusion" with respect to off-task time). The need for such explanation is especially necessary here, where the Plaintiff's potential need for an additional four minutes of break time per hour would render him disabled under the law. On remand, the ALJ should substantiate any conclusion as to the amount of off-task time with

8

objective medical evidence and explain how the medical evidence, including tests or testimony from Plaintiff's treating or consultative physicians, support or discredit his assessment of Plaintiff's symptoms.

### B. Opinion Evidence

Plaintiff argues that the ALJ also violated 20 C.F.R. § 404.1520c by not thoroughly discussing the supportability or consistency of the medical opinions. The Court disagrees. The Commissioner must articulate how persuasive they find a medical opinion using several factors, the most important of which are supportability and consistency. 20 C.F.R. § 404.1520c(b)(1). As to supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." Id. at § 404.1520c(c)(1). As to consistency, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." Id. at § 404.1520c(c)(2). An ALJ "need not reiterate the magic words 'support' and 'consistent' for each doctor." Zaborowski v. Comm'r. of Soc. Sec., 115 F.4th 637, 640 (3d Cir. 2024). Rather, it is enough for an ALJ to state that a doctor's opinion fit with the other evidence of the condition and its treatability or was otherwise consistent with the record. See id.

Here, the ALJ discussed the supportability and consistency of the identical opinions by Dr. Mohamed Abbassi and Dr. James Orsini in accordance with 20 C.F.R. § 404.1520c. See Tr. at 256–61, 302–303, 322–323. The ALJ found they were "persuasive, as they are supported by the objective and treating evidence of record, which demonstrates spinal impairments with persistent

symptoms despite the claimant's course of treatment, including physical therapy, injections, surgical intervention, and revision." See id. at 260.  Like in Zaborowski, the ALJ found the state agency medical consultant opinions supported by and consistent with the condition's treatability evidence in the record.  115 F.4th at 640.  The Court is satisfied that the ALJ articulated the supportability and consistency of the state agency medical consultant opinions as required by 20 C.F.R. § 404.1520c.  Plaintiff's remaining arguments challenge the ALJ's acceptance of the state agency medical consultant opinions and the Court declines Plaintiff's invitation to re-weigh the evidence.  Williams, 970 F.2d at 1182.

## IV.   CONCLUSION

The ALJ's determination that Plaintiff retained the RFC for light work based on the ALJ's arbitrary determination of off-task time constitutes reversible error.  The ALJ concluded, without explanation, that Plaintiff needed a five-minute break per hour.  If the ALJ would have concluded that Plaintiff needed a nine-minute break per hour, the ALJ would have concluded that Plaintiff is disabled.  Because the ALJ failed to explain the basis for his time limitation, the determination of the Commissioner is **VACATED** and **REMANDED** for further proceedings consistent with this Opinion.  An appropriate order follows.

Date:  June 8, 2026                                          *s/ Madeline Cox Arleo*
                                                            **Hon. Madeline Cox Arleo**
                                                            **UNITED STATES DISTRICT JUDGE**

10